No. 19,276.

THE CITY OF TOPEKA, *Appellee*, V. T. C. ROBERTS, *Appellant.*

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Reasonable Doubt—Unnecessary to Repeat Instructions.* Where the court in a prosecution for the unlawful sale of intoxicating liquor has given an instruction in its general charge to the effect that unless every fact and element of the offense is proven beyond a reasonable doubt the jury must acquit the defendant it is unnecessary to repeat the instruction and give another making a special application of the rule of reasonable doubt to the question whether the liquor alleged to have been sold was intoxicating.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 6, 1914. Affirmed.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*W. C. Ralston,* city attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: T. C. Roberts was charged with the unlawful sale of intoxicating liquors and the maintenance of a common nuisance in violation of an ordinance of the city of Topeka, and was convicted on the first count of an unlawful sale.

There was testimony of a sale of four bottles of beer, and also of the finding of considerable quantities of beer on the premises of the defendant. He complains that the court failed to give a separate instruction to the effect that to convict the jury must be convinced beyond a reasonable doubt that the beer which was sold by defendant was intoxicating. In the general instructions the jury were advised that the offense charged was the sale of intoxicating liquors, that the defendant was presumed to be innocent of that offense,

and if they entertained a reasonable doubt "upon any single fact or element necessary to constitute the crime charged it is your duty to give the defendant the benefit of such doubt and acquit him." In three other instructions the court told the jury that the defendant's guilt must be shown beyond a reasonable doubt before there could be a conviction. Having charged the jury so fully on the subject it was hardly necessary for the court to give a separate and specific application of the rule of reasonable doubt to the intoxicating quality of the beer sold. While this was an essential element of the offense, that feature of the case appears to have been fairly well covered by the general instructions given. Under the statute and the city ordinance beer is deemed to be an intoxicating liquor, and it can not be said that this presumption was overcome by any of the evidence that was produced. A witness, who testified in behalf of the city, said that he was one of a party of four of the persons that purchased the beer, that each of them drank a bottle of it, and he added that it did not intoxicate him. It is said that the drinking of a bottle of beer by a slender young man without feeling any intoxicating effects tended to rebut the presumption that the liquor was intoxicating, but nothing was shown as to his susceptibility to the influence of intoxicants or how much it takes to produce intoxicating effects. We find no testimony which rebutted the presumption that the beer sold was intoxicating in character, and neither do we find anything in the case which indicates that prejudice could have resulted from the failure to repeat the rule of reasonable doubt and give it a special application to the liquor that was sold.

The judgment of the district court is affirmed.